NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0015n.06

No. 24-1925

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SOIL FRIENDS, LLC, a Michigan limited liability company, et al., | ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ) |
| CHARTER TOWNSHIP OF COMSTOCK, MICHIGAN, a Michigan municipal corporation, et al., | ) ) ) ) |
| Defendants-Appellees. | ) |

FILED
Jan 07, 2026
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Dissatisfied with zoning restrictions and red tape, Plaintiffs Benjamin and Sarah Martin and Soil Friends, LLC, sued Charter Township of Comstock and related parties, raising both federal and state claims. The district court dismissed the case in its entirety based on absolute and qualified immunity. We AFFIRM.

I.

Plaintiffs Benjamin and Sarah Martin own and operate Plaintiff Soil Friends, LLC, a 22-acre farm in Comstock Township, Michigan. Plaintiffs grow a variety of produce, some of which they use to make hard cider. They also use the land for commercial purposes: selling wine, cider, produce, and other products and offering on-premises consumption of the alcohol.

In 2018, the Michigan Liquor Control Commission (MLCC) issued Plaintiffs a small-winemaker license and an on-premises tasting-room permit. At that time, Plaintiffs ran these

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

operations out of a shipping container. The following year, they built a red barn on their property and began operating the business inside it, using it for a farm market and cider tastings.

Three years later, a Township official notified Plaintiffs that they would need a special-exception-use approval to hold private events and parties in the red barn. The official added that Plaintiffs would need to comply with all applicable building codes to do so. The Kalamazoo Area Building Authority (KABA) then informed Plaintiffs that they needed a plan showing compliance with various safety codes.

Plaintiffs subsequently hired an architect and submitted drawings to KABA. KABA reviewed the drawings and informed Plaintiffs that they needed a drinking fountain and an accessible route from the public parking area. A month later, the Township cited Plaintiffs for using the barn to offer food, alcohol, and live music without the required zoning approval and permits. And the Township posted signage on the red barn, condemning it as a "DANGEROUS BUILDING – UNSAFE STRUCTURE" under the Township's Property Maintenance Code. R. 20-9, Ex. 9, PageID 360. Plaintiffs responded by posting on Facebook a picture of the condemnation signage and publicly criticizing the Township's "horrendous leadership." *Id.*

During the following six months, Plaintiffs and the Township clashed over what activities were permissible in the red barn and on the farm. The dispute unfolded through correspondence, at Township meetings, in court, and online.

The Township sent Plaintiffs various letters and emails detailing what Plaintiffs needed to do to obtain approval for their desired uses. This included special-exception-use approval, site-plan approval, building-code compliance, and Fire Marshal approval.

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

The Township officials also discussed Plaintiffs' operations at multiple meetings. They debated which activities were permissible without Township approval, whether to permit other activities, and how to permit such activities. And more than once, the officials postponed a final decision. At one meeting, a Township official "insinuat[ed]" that Plaintiffs should stop posting on Facebook because such posts damage the Township's reputation. R. 20, First Am. Compl., PageID 277.

Around this time, the Township brought an action against Plaintiffs for the Zoning and Building Code violations. Plaintiffs and a Township attorney attended an informal hearing before a state magistrate judge, who found Plaintiffs responsible, imposed a $25.00 fine, and ordered Plaintiffs to cease commercial operations inside the red barn, absent zoning approval and building code compliance.

Throughout all this, Plaintiffs repeatedly criticized the Township on Facebook. They suggested that certain Township officials should not "consider[] reelection" because "[i]t's not looking good;" and that the officials "would be doing us all a favor if [they] packed [their] boxes" and got "out of the way so real leaders can get to work!" R. 20-12, Ex. 12, PageID 377. They proposed that the "township should make due without [KABA]. Many people are not happy." *Id.* And they complained that "township officials are literally concerned about selling cut Christmas trees and Santa visiting the farm . . . . This has got to be a joke." R. 20-15, Ex. 15, PageID 393. The Township responded with a public statement to address Plaintiffs' "public media campaign to discredit the township." R. 20-13, Ex. 13, PageID 379–80.

On April 27, 2023, the Township held another meeting, and one official opined that the Township should not consider Plaintiffs' permit application "because [the official] did not approve of . . . Benjamin Martin's character." R. 20, First Am. Compl., PageID 290. Nonetheless, at this

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

meeting, the Township conditionally granted Plaintiffs special-exception-use approval and site-plan approval. Afterwards, though, Plaintiffs faced additional hurdles in obtaining building permits.

Displeased with this whole process, Plaintiffs sued the Township, KABA, and fourteen individuals in federal court, alleging First, Fifth, and Fourteenth Amendment violations—among other federal and state claims—and seeking both injunctive and monetary relief. Defendants moved to dismiss on multiple grounds, including absolute and qualified immunity. The district court granted two defendants absolute immunity, and, holding that Plaintiffs had failed to allege any violation of "clearly established" rights, the court granted the remaining officials qualified immunity. The court further disposed of the claims against the Township and KABA based on Plaintiffs' representation that they sought to bring claims against the individual defendants only. The court then dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over the state claims.

Plaintiffs timely appealed, challenging the court's determinations regarding (1) the claims against the Township and KABA; (2) qualified immunity; and (3) dismissal with prejudice. At oral argument, the parties informed the court, for the first time, that they had partially settled their dispute. Plaintiffs are now using the red barn as desired, mooting their request for injunctive relief; but Plaintiffs still seek monetary relief for the "damage that occurred prior to" such approval. Oral Arg. at 8:40–9:14.

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

II.

Plaintiffs raise three arguments on appeal. We address each in turn.

A.

Plaintiffs first argue that they properly pleaded a *Monell* claim against the Township and KABA, so the district court erred in dismissing the claims against them. But this argument directly contradicts the representations Plaintiffs made to the district court. There, Plaintiffs insisted that they had *not* pleaded a *Monell* claim. And Plaintiffs have not explained how the district court erred by relying on their own representations to dispose of the claims against the municipal defendants. *See Castellon-Vogel v. Int'l Paper Co.*, 829 F. App'x 100, 102 (6th Cir. 2020).

Defendants argued below that the claims against the individual defendants were official-capacity suits and should, thus, be dismissed as duplicative of the claims against the municipal defendants. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs objected, arguing that their "omission of a § 1983 *Monell* claim" from the complaint proved that they were suing the officials in their individual capacities. R. 30, Resp. to Mot. to Dismiss, PageID 708. Plaintiffs further argued that their complaint could not have stated a *Monell* claim because their "allegations do not seek recourse nor imply a policy, practice, or custom of Defendant Comstock Township that is in issue." *Id.*; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may not be "held liable unless action pursuant to official municipal policy" caused the constitutional violation).

The district court took this to mean that Plaintiffs were not bringing any claims against the Township or KABA and disposed of all claims against them. On appeal, Plaintiffs have not explained how this was error. Their appellate briefing instead contradicts their representations to

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

the district court, claiming that the complaint *did* "sufficiently allege[] a *Monell* claim" against the municipal defendants. Appellants Br. at 21.

When pressed at oral argument in this court, counsel admitted that Plaintiffs' arguments in the district court had abandoned any *Monell* claim related to the First Amendment. Counsel claimed, however, that Plaintiffs had preserved *Monell* claims related to the Fifth and Fourteenth Amendments. But Plaintiffs' briefing in the district court made no such distinction; nor does its briefing here attempt to show how it preserved its Fifth and Fourteenth Amendment *Monell* claims.

We affirm the district court's dismissal of the municipal defendants.

B.

Plaintiffs next argue that the district court erred in its qualified-immunity analysis. We disagree.

Qualified immunity protects government officials "not just against liability, but against suit itself." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation"—to ensure that "insubstantial claims" against officials will be resolved "prior to discovery." *Pearson*, 555 U.S. at 231–32 (citations omitted). When a defendant raises qualified immunity, the plaintiff bears the burden of overcoming it. *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021). To do so, the plaintiff must show that the defendant (1) violated a constitutional right (2) that was clearly established. *Johnson*, 790 F.3d at 653. To be clearly established, a right must be "dictated by controlling authority," and must "clearly" prohibit the official's conduct "in the particular circumstances before him." *Fitzpatrick v. Hanney*, 138 F.4th 991, 995 (6th Cir. 2025) (citation omitted). The precedent must be "clear

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* (citation omitted).

Plaintiffs failed to challenge the district court's qualified-immunity analysis on appeal. The district court granted the individual defendants qualified immunity because Plaintiffs had failed to demonstrate a clearly established right. The decision rested on the doctrine's second prong. The district court explained that Plaintiffs had "wholly fail[ed] to argue—let alone identify—a case with sufficiently similar facts that would have provided fair warning" to Defendants that their conduct "violated Plaintiffs' rights under the Fifth or Fourteenth Amendments." R. 35, Op. and Order, PageID 828. And with respect to the First Amendment retaliation claim, the district court concluded that the one case Plaintiffs identified—*Fritz v. Charter Twp. of Comstock*, 592 F. 3d 718 (6th Cir. 2010)—was too factually dissimilar to "place[] the constitutional question beyond debate." R. 35, Op. and Order, PageID 829.

Plaintiffs' opening brief on appeal fails to grapple with the district court's conclusion. While Plaintiffs argue at length that they plausibly alleged constitutional violations, they advert to the clearly established prong only when stating the legal rule. They make no attempt whatsoever to explain why *Fritz*—the lone case they offered below—clearly established their constitutional rights. The brief does not even cite *Fritz;* nor does it offer any other case purporting to clearly establish their rights. "As the appellant[s], [Plaintiffs] must confront the district court's reasons for dismissing [their] claims and explain why the court was wrong. The failure to do so results in the abandonment of [their] claims" on appeal. *Castellon-Vogel*, 829 F. App'x at 102 (citing *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019)).

Plaintiffs' arguments in reply do not save them: "arguments made to us for the first time in a reply brief are waived." *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). There is a

No. 24-1925, *Soil Friends, LLC v. Charter Township of Comstock*

good reason for this rule. Defendants here have had no chance to respond to Plaintiffs' last-minute attempt to offer some caselaw purporting to clearly establish their Fifth and Fourteenth Amendment rights, so we will not entertain this argument even in passing. And while we might have some discretion to reach Plaintiff's belated argument that *Fritz* clearly established their First Amendment rights, we see no error in the district court's determination that *Fritz* is too dissimilar to put "the constitutional question beyond debate." R. 35, Op. and Order, PageID 829.

We affirm the district court's grant of qualified immunity to the individual defendants.

C.

Finally, Plaintiffs argue that the district court erred in dismissing their federal claims with prejudice. Reviewing for an abuse of discretion, we disagree. *See Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 899 (6th Cir. 2025). If a party never formally moves to amend his complaint nor proposes an amendment, a district court does not abuse its discretion in dismissing with prejudice. *Id.*; *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627 (6th Cir. 2019). Here, Plaintiffs did neither—opting instead to include a cursory request at the end of their motion-to-dismiss response. *See Crosby*, 921 F.3d at 628.

The district court did not abuse its discretion in dismissing Plaintiffs' federal claims.

\* \* \*

We AFFIRM.